NOT FOR PUBLICATION                                          CLOSED


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

R & R MARKETING, LLC,                   )
                                        )
                    Plaintiff,          )       Civ. Docket No.  06-4378 (FSH)
                                        )
        v.                              )
                                        )       **OPINION & ORDER**
LOCAL 863, INTERNATIONAL                )
BROTHERHOOD OF TEAMSTERS,               )
                                        )
                    Defendants.         )       Date: April 27, 2007
_____)


**Introduction**

        This matter comes before the Court upon Plaintiff's Motion to Vacate the award issued

by Arbitrator Michael Berzansky ("Arbitrator") on July 9, 2006.  In addition to their response,

Defendants filed a Cross-Motion to confirm the arbitration award.  This Court has considered the

submissions of the parties pursuant to Fed. R. Civ. P. 78.


**Factual and Procedural Background**

        Defendant International Brotherhood of Teamsters Local 863 ("Defendant") represents a

group of truck drivers currently employed by Plaintiff R & R Marketing, LLC ("Plaintiff"), a

wholesale liquor distributor.  Plaintiff's employment of the truck drivers is governed by a

collective bargaining agreement (the "Agreement") negotiated between Plaintiff and Defendant

in 1998.  Article X of the Agreement lists fourteen specific days that qualify as paid holidays.  It

also contains the following provision:

"any employee whose regular workweek is four (4) days, when any holiday either falls on a Monday or is generally observed on a Monday, the employer shall have three (3) options, as follows: (1) Substitute the following Tuesday for the Monday holiday; (2) If work is performed on the Tuesday, pay an additional nine (9) hours at the regular straight-time rate to each qualifying employee; or (3) Substitute a personal day off for each qualifying employee."

On the calendar, January 1, 2006 – New Year's Day, a holiday specifically identified in the Agreement – fell on a Sunday.  Plaintiff took the position that when New Year's Day falls on a Sunday it is "generally observed" on the following Monday (in this case, January 2, 2006). Plaintiff consequently invoked the above clause, and opted to substitute Tuesday, January 3, 2006, for the Monday holiday.  Defendant, on behalf of the employees, disputed Plaintiff's decision.  Defendant contended that the words "generally observed" referred to only holidays such as Labor Day that are routinely observed on a Monday, and not to holidays that happen to fall on a Sunday in a given year.  Consequently, Defendant maintained that the employees should have worked on Tuesday and been given holiday pay for any work conducted on Sunday.

Defendant grieved Plaintiff's decision, seeking to secure for eligible employees a day's pay for Tuesday, January 3, 2006.  In accordance with Agreement, the parties submitted their dispute to binding arbitration in June 2006.  The Arbitrator issued his decision in July 2006, and ruled in favor of Defendant, concluding that Plaintiff violated the Agreement by invoking the clause, as the phrase "'generally observed' ... refers to holidays that have been designated to be observed Mondays" and did not apply in this case.  See July 9, 2006 Decision of Arbitrator Michael A. Berzansky ("Arbitrator Decision") [Docket #1, Document #5], at 10.

Plaintiff commenced this action by filing a Complaint with this Court on September 13, 2006, seeking to have the Arbitrator's decision reversed.   Plaintiff now moves the Court for

2

judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c); in response, Defendant has filed a cross-motion to confirm the arbitration award.

**Legal Standard**

As an initial matter, Fed. R. Civ. P.  12(c) provides that "after the pleadings are closed but within such time as not to delay the trial any party may move for judgment on the pleadings." Similar to a 12(b) motion, a Court must consider a Rule 12(c) motion to dismiss "view[ing] the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff." Mele v. Fed. Reserve Bank, 359 F.3d 251, 253 (3d Cir. 2004) (quotations omitted), quoting Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir. 2002).  Such a motion may not be granted unless the moving party can establish that there is no material issue of fact to resolve, and that it is entitled to judgment as a matter of law.  See id.  Here, the parties agree that no facts are in dispute; in fact, Defendant has submitted a cross-motion to confirm the arbitration award.

With respect to this Court's ability to review the decision of the Arbitrator, the Third Circuit has indicated that "[d]istrict courts have very little authority to upset arbitrator's awards." United Transp. Union Local 1589 v. Suburban Transit Corp., 51 F.3d 376, 379 (3d Cir. 1995). Moreover,  a court "may not overrule an arbitrator simply because it disagrees with the arbitrator's construction of the contract," but must enforce the award so long as "the arbitrator has arguably construed or applied the contract, regardless of [whether] ... a court is convinced that [the] arbitrator has committed a serious error."  News America Publications, Inc. v. Newark Typographical Union, Local 103, 918 F.2d 21, 24 (3d Cir. 1990).  See also Roberts & Schaefer

Co. v. Local 1846, United Mine Workers of America, 812 F.2d 883, 885 (3d Cir. 1987) ("Even

when the award was 'dubious,' and the result one that we would not have reached had the matter

been submitted to the court originally, we have upheld the arbitrator's decision.") (quotations

omitted).  The Third Circuit has gone so far as to state that where "it is possible that the arbitrator

could have been interpreting the contract, his [or her] failure to apply correct contract principles

is irrelevant"; in fact, "the arbitrator's contract interpretation must be irrational before a

reviewing court may disturb the award." Arco-Polymers, Inc. v. Local 8-74, 671 F.2d 752, 755

(3d Cir. 1982), cert denied, 459 U.S. 828 (1982) (emphasis added).

       The policy animating this strict standard is the idea that "it is the arbitrator's construction

[of the contract] which was bargained for" by the parties to a given collective bargaining

agreement and, as such, so long as an award "draws its essence from [that] collective bargaining

agreement," a court has "no business overruling [the arbitrator]." United Steelworkers of

America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598-99 (1960); see also Teamsters

Union Local No. 115, of Philadelphia, Pa. v. DeSoto, Inc., 725 F.2d 931, 934-35 (3d Cir. 1984);

G.B. Goldman Paper Co. v. United Paperworkers Intern. Union, Local 286, 957 F.Supp. 607, 615

(E.D.Pa. 1997).  Thus an arbitration award will not be vacated unless it is clear that the award

fails to "draw its essence" from the Agreement, or if it can be demonstrated that: (1) there was

fraud, partiality, or other misconduct on the part of the arbitrator, (2) the arbitrator displayed

"manifest disregard" for a specific law or statute, (3) the award is too vague and ambiguous for

enforcement, or (4) the award is inconsistent with public policy.  See Ludwig Honold Mfg. Co. v.

Fletcher, 405 F.2d 1123, 1128 (3d Cir. 1969); see also Super Tire Engineering Co. v. Teamsters

Local Union No. 676, 721 F.2d 121, 123-24 (3d Cir. 1983), and Chamberlain Mfg. Co. v. Local

Lodge No. 847, 474 F.Supp.2d 682, 683-84 (M.D.Pa. 2007).  Courts have found this to be

particularly true in the context of organized labor: recently, the Third Circuit observed that "the

United States Supreme Court has consistently held that courts exercise a narrow and deferential

role in reviewing arbitration awards arising out of labor disputes."  Pennsylvania Power Co. v.

Local Union No. 272, Intern. Broth. of Elec. Workers, AFL-CIO, 276 F.3d 174, 178 (3d Cir.

2001); see also Ludwig, 405 F.2d at 1128 ("[W]e must conclude that such a philosophy of

restricted review compels even less judicial interference in matters arising from labor

arbitration.").


## Discussion

As detailed above, Defendant submitted a grievance to arbitration pursuant to the

Agreement related to Plaintiff's decision to treat New Year' Day, January 1, 2006, which fell on

a Sunday, as a holiday "generally observed" on a Monday; Defendant disputed this decision and

Plaintiff's subsequent invocation of Article X of the Agreement.  Plaintiff contends that the

Arbitrator's decision – which ruled in favor of Defendant – should be overturned, and advances

two arguments in support of this position: first, because the decision manifestly disregards

federal law, specifically 5 U.S.C. §6103, and second, because the decision is irrational and fails

to draw its essence from the Agreement.

Plaintiff's argument that the Arbitrator's decision "manifestly disregards" 5 U.S.C. §6103

is patently incorrect.  This statute defines legal public holidays and sets forth how compensation

and leave shall be structured for government employees; the statute does not apply to private

employers, and thus clearly cannot be considered a "controlling federal statute," as the Plaintiff

has argued.  See id.  As the Arbitrator noted, the mere "fact that Federal law establishes the Monday following a Sunday New Year's Day is a public holiday cannot alter the plain language of the Agreement."  See Arbitrator Decision at 8.  Moreover, the statute was never expressly incorporated into or referenced by the language of the Agreement.[1]

Plaintiff's second argument, that the Arbitrator's decision was irrational and was not drawn from the Agreement, is similarly unpersuasive.  The "evidentiary question" in determining whether an arbitrator has drawn his decision from the essence of the agreement is simply "whether there is any support for [the] arbitration award."  Consolidation Coal Co. v. District 2, United Mine Workers of America, 169 Fed.Appx. 704, 706 (3d Cir. 2006).  In other words, "if the arbitrator's interpretation is in any rational way derived from the collective bargaining agreement, the arbitration award will not be disturbed."  Pennsylvania Power, 276 F.3d at 179 (3d Cir. 2001) (emphasis added).

Here, the Arbitrator found that the Agreement did not "speak clearly on the issue" of how to construe the phrase "generally observed" in Article X.  See Arbitrator's Decision at 7.  As such, the Arbitrator sought to determine, based on the "plain language of the [A]greement" how to interpret that phrase.  He determined that the Agreement does not explicitly state that "generally observed" was intended to refer to "the schedule of the Government and other institutions," which often give a public holiday on a Monday if a date-specific holiday such as New Year's Day falls on Sunday.  See Arbitrator's Decision at 9.  Instead, he concluded that the

_____

[1]In fact, the Agreement cannot be said to even implicitly base its holiday policy on the federal statute, as it both lists paid holidays that are not deemed public holidays by the federal statute, including "Day after Thanksgiving Day," "Good Friday," and the "Employee's Birthday" and fails to include as a paid holiday Martin Luther King, Jr. Day, which is a public holiday according to the federal statute.

phrase "generally observed" in the Agreement referred only to holidays like President' Day, Memorial Day, and Labor Day, which are consistently observed on Mondays rather than on a given date.

Plaintiff states that the Arbitrator's decision is irrational because "the language at issue in the holiday provision is unambiguous."  See Plaintiff's December 29, 2006 Motion to Vacate ("Plaintiff's Motion to Vacate") [Docket #8, Document #2], at 4.  The "complete answer to this contention is that the parties bargained for contractual ambiguity instead of defining" the phrase "generally observed" in the Agreement.  United Transp. Union Local 1589, 51 F.3d at 380.  As the Arbitrator noted, the "parties could have, but did not provide in their agreement that Mondays following Sunday holidays shall be observed or considered to be holidays for the purpose of exercising the options provided or for contractual benefits."  See Arbitrator's Decision at 10. Thus, "having not defined the phrase," Plaintiff cannot "escape the results of that bargain simply because the [A]rbitrator has chosen to interpret that phrase differently than [Plaintiff] would have wanted."  United Transp. Union Local 1589, 51 F.3d at 381; see also G.B. Goldman Paper Co., 957 F.Supp. 607, 616 ("Because the term [at issue] was not explicitly defined in the collective bargaining agreement, it was within the arbitrator's authority to construe the term in a manner he thought proper.").

Finally, Plaintiff contends that even if the phrase "generally observed" was ambiguous, the Arbitrator's award was still irrational because "[n]o other understanding of the [Plaintiff's decision to] introduc[e] this provision makes sense."  See Plaintiff's Motion to Vacate at 5.  This argument is nothing more than a differently-phrased expression of Plaintiff's displeasure with the Arbitrator's decision.  Plaintiff has simply provided no evidence to suggest that the Arbitrator's

decision was not drawn from the essence of the Agreement.

For these reasons **IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate the

Arbitrator's award pursuant to Fed. R. Civ. P. 12(c) is **DENIED**, and Defendant's cross-motion

to confirm the arbitration award is **GRANTED**.  This case is hereby **CLOSED**.

/s/  Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.